OSCN Found Document:IN RE AMENDMENT OF RULE 11 OF RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW

 

 
 

 
 IN RE AMENDMENT OF RULE 11 OF RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW
2018 OK 87
Case Number: SCBD-6708
Decided: 11/13/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 87, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.Â 

In re: Amendment of Rule Eleven of the Rules Governing Admission to the Practice of Law, 5 O.S. Supp. 2018, Ch. 1, app. 5

ORDER

This matter comes on before this Court upon an Application to Amend Rule Eleven of the Rules Governing Admission to the Practice of Law, 5 O.S. Supp. 2018, Ch. 1, app 5. This Court finds that it has jurisdiction over this matter and the Rules are hereby amended as set out in Exhibit A attached hereto effective January 1, 2019.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 13th day of November, 2018.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

Â 

Â 

RULE ELEVEN

HEARING AS TO CHARACTER AND/OR FITNESS

Section 1. If the Board of Bar Examiners decides to deny an application to take the bar examination or to deny an application for admission to practice law on any ground except failure to pass the bar examination, written Notice of Denial shall be mailed to the applicant citing the Rule upon which the denial is based. The Notice of Denial must adequately inform the applicant of the nature of the evidence upon which the denial is based. The Notice of Denial may be modified by the Board prior to any hearing on the denial as long as the applicant has sufficient notice. Subject to the foregoing, the Notice of Denial places in issue all matters that may relate, directly or indirectly, to the applicant's eligibility to practice law in the State of Oklahoma.

Section 2. The Board of Bar Examiners shall have the power to order a hearing on its own motion before making a decision on any application. Written notice of such a hearing shall be given to the applicant. The hearing procedures set forth in this Rule Eleven shall apply both to hearings ordered by the Board and to hearings requested by an applicant.

Section 3. An applicant, who receives a Notice of Denial without a prior hearing before the Board of Bar Examiners, may take issue with the denial and request a hearing before the Board. The hearing request must be written and shall be delivered to the Board within twenty (20) days after the Notice of Denial was mailed to the applicant. Delivery to the Administrative Director of the Board shall be considered delivery to the Board for purposes of this Rule Eleven.

Section 4. In any hearing conducted under this Rule Eleven, the applicant shall have the right to be represented by counsel and to present evidence. The Board of Bar Examiners may also be represented by counsel. At the request of the applicant or the Board, the Clerk of the Supreme Court of Oklahoma shall issue subpoenas for witnesses and subpoena duces tecum in connection with the hearing. At the hearing, the Board shall administer oaths and affirmations, receive the evidence, and decide on the application.

Section 5. The Board shall furnish a certified court reporter to record the proceedings at hearings under this Rule Eleven. If an applicant desires a transcript of the hearing, the applicant must order the transcript from the court reporter at the applicant's expense, and a copy must be furnished to the Board at the applicant's expense.

Section 6. For h Hearings held under this Rule Eleven shall be heard by at least a three-member panel a quorum shall be five (5) members of the Board of Bar Examiners herein referred to as the Hearing Panel. The Chairperson or his or her designee shall preside as the hearing officer. The decision on the application must be made by a majority of the Hearing Panel. Board members present, excluding the Chairperson, who is not a voting member except in the case of a tie vote. 

Section 7. The decision of the Hearing Panel of the Board of Bar Examiners following a hearing conducted under this Rule Eleven shall be reduced to written form and mailed to applicant or applicant's counsel. All denial decisions shall include findings of fact and conclusions of law.

Section 8. (a) An applicant whose application is denied by the Hearing Panel of the Board of Bar Examiners following a Rule Eleven hearing, may appeal to the Supreme Court of Oklahoma by filing twelve (12) copies of a Notice of Appeal with the Clerk of the Supreme Court and one copy of a Notice of Appeal with the Board. The Notice of Appeal and cost bond shall be filed by the applicant with the Clerk of the Supreme Court within thirty (30) days after the Hearing Panel Board's written decision was mailed to the applicant or his/her counsel. The Notice of Appeal shall set forth the basis for the appeal. Any findings of fact and conclusions of law issued by the Hearing Panel Board in connection with the Rule Eleven hearing shall be attached to the Notice of Appeal.

(b) At the same time the Notice of Appeal is filed, the applicant shall also file a good and sufficient cost bond to be approved by the Clerk of the Supreme Court in an amount sufficient to defray the costs of the appeal, including the Rule Eleven hearing transcript.

(c) Within thirty (30) days after the court reporter has advised the applicant and the Board that the transcript of the Rule Eleven hearing is complete, the applicant must file twelve (12) copies of applicant's Brief in Chief in support of applicant's appeal with the Clerk of the Supreme Court and one copy of applicant's Brief in Chief with the Administrative Director of the Board. Within forty (40) days after receipt of the applicant's Brief in Chief the Board must file twelve (12) copies of its Answer Brief with the Clerk of the Supreme Court and send one copy to applicant or applicant's counsel. Within thirty (30) days after receipt of the Board's Answer Brief, the applicant may file twelve (12) copies of a Reply Brief with the Clerk of the Supreme Court.

(d) Once filed with the Clerk of the Supreme Court, the appeal shall be subject to the rules of the Supreme Court of the State of Oklahoma.

Section 9. The burden of establishing eligibility for admission to the Bar of this state, for registration as a law student, or to take an examination, shall rest on the applicant at all stages of the proceedings.

Â 

Â